CHENEY v. OLENDER.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVI-
DENCE.

On appeal from judgment for defendant *non obstante veredicto*,
the testimony must be construed most favorably to plaintiff.

2. MASTER AND SERVANT—DOMESTIC SERVANT—DEFECTIVE ELECTRIC
FIXTURE—ASSUMED RISKS.

Domestic servant who was as familiar with the condition of an
electric socket or fixture and the risk incident to its use with
an electric iron as defendant employers and continued to use
it after making complaint to employers because it failed to
heat the iron assumed the risk of injury through continuance
of use over a month after one of the defendants had promised
to have it repaired.

3. SAME—ASSUMED RISKS.

An employee assumes the known risks of his employment, those
ordinarily incident to his employment and those arising and
becoming known to him in connection with it as carried on
during his service.

4. SAME—PROMISE OF REPAIR—CONTINUANCE OF WORK—CONTRIBU-
TORY NEGLIGENCE.

A servant's continuance of work under circumstances such that
if a promise of repair had not been given he would have been
chargeable with contributory negligence bars an action for
injuries received after expiration of period during which
servant was justified in relying on performance of the promise.

5. SAME—KNOWLEDGE OF PERIL—ASSUMED RISK.

Since knowledge, or opportunity by the exercise of reasonable
diligence to acquire knowledge, of the peril which subsequently
results in injury to an employee is the foundation of the lia-
bility of the employer, liability of employer exists when the
perils of the employment are known to the employer but not
the employee but there is no liability when the employee's
knowledge equals or surpasses that of the employer.

6. SAME—NEGLIGENCE—DEFECTIVE ELECTRIC SOCKET—COMMON LAW
—STATUTES—ASSUMED RISK.

Whether liability for negligence of employers in permitting a
defective electric socket to remain unrepaired be asserted on

Liability of supplier of chattel dangerous for intended use, see 2
Restatement, Torts, § 388, and particularly comment i, when warning
of defects unnecessary.
Duty of possessor of premises to business visitor, see 2 Restate-
ment, Torts, § 343.
Violation of statute as negligence, see 2 Restatement, Torts, § 286.

theory of common-law negligence or on theory of liability resulting from violation of statutory duty to keep dwelling in good repair, a domestic servant could not recover for injuries received from electric shock where her knowledge of the defective condition equalled that of her employers and she assumed risk by continuing to use an electric iron with such knowledge long after promise of repair had been made (1 Comp. Laws 1929, § 2559).

7. SAME—ASSUMED RISK—WORKMEN'S COMPENSATION ACT—DOMESTIC SERVANT.

While the doctrine of assumed risk has been restricted by the workmen's compensation act, such restriction is not applicable in an action by a domestic servant against her employers for injuries received during employment (2 Comp. Laws 1929, § 8408).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 2, 1942. (Docket No. 7, Calendar No. 41,841.) Decided October 5, 1942.

Case by Daisy Cheney against Abraham Olender and Rose Olender for damages for personal injuries sustained while a domestic servant in defendants' home. Verdict for plaintiff. Judgment for defendants *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Bernstein & Bernstein,* for plaintiff.

*Vandeveer & Haggerty* (*Fred L. Vandeveer,* of counsel), for defendants.

NORTH, J. Daisy Cheney, plaintiff herein, was employed by defendants as a domestic in their household. On or about June 6, 1939, while undertaking to do some ironing, which service was within the scope of her duties, she received an electric shock in consequence of which she was thrown to the floor and injured. She brought this suit and upon trial

by jury obtained a verdict fixing her damages at $664.50. At the conclusion of plaintiff's proofs and again at the close of all the proofs defendants moved for a directed verdict. The trial court reserved its decision, but on motion for judgment *non obstante veredicto* ordered judgment entered in favor of defendants. Plaintiff has appealed.

On this appeal the testimony must be construed most favorably to plaintiff. She had been in defendants' employ approximately a year prior to the accident. Preparatory to doing some ironing with an electric iron on the day in question, plaintiff attempted to attach the extension cord of the iron by inserting the plug at the end of the extension cord into a socket of an electric fixture at the ceiling of a recreation room in the basement of defendants' dwelling. This was the place and the manner in which plaintiff throughout the period of her employment by defendants had performed this type of service. The insertion of the plug was accomplished by plaintiff while standing on the floor and reaching to the ceiling electric fixture. As plaintiff was attempting so to insert the electric plug on the day of the accident she received an electric shock, was thrown to the floor and injured. The negligence charged is that the electric fixture and electric socket were defective and were not properly insulated; that the electric socket and fixture became and for some time were somewhat loosened from the ceiling, and in poor mechanical condition; and further, that defendants were negligent in failing to repair the electric fixture and socket. Defendants are also charged with negligence in that they failed to comply with the following statutory provision: "Every dwelling and all the parts thereof shall be kept in good repair by the owner." 1 Comp. Laws 1929, § 2559 (Stat. Ann. § 5.2843). By their answer de-

fendants denied the negligence and liability charged in plaintiff's declaration; and gave notice they would assert in their defense that plaintiff was guilty of contributory negligence and that she assumed the risk of the conditions present at the time and place of the accident and that she knew or ought to have known of such conditions and hence assumed the risks incident thereto.

Plaintiff testified concerning this electric socket that "it always was loose up there.  *  *  *  I didn't have no trouble any more than every time I put my iron up there it didn't heat. It was always bad." She further testified that about a month—4 or 5 weeks before the accident—she spoke to Mrs. Olender about the condition of which she now complains, but that: "It was just 'cause my iron didn't heat that I spoke to her." And according to plaintiff's testimony Mrs. Olender said that "she was going to get it fixed. She said she was going to get her electrician."

For a number of years prior to the accident plaintiff had been employed as a domestic and in working in hotels. She was familiar with electric irons and knew how to use them. While testifying she said:

"When I first went there it wasn't loose hardly, just a little bit. You could just turn it in it. The iron didn't heat good, that was what bothered me. It got worse all of the time.  *  *  *  In the homes I had been in and in working in hotels I had some experience with electric light bulbs. I also had some experience working with electric washers and other simple electric appliances.  *  *  *.  I knew that I would be more sure of greater safety if it was fixed tight than when it was loose. I knew that if the wiring became loose enough· when I touched it I might get a shock and that is why I spoke about

it. \* \* \* I knew that (the socket was loose) because every time I would get ready to iron, the iron wouldn't heat. \* \* \* I didn't think about a shock. I complained because I wasn't getting no results from the iron.''

Plaintiff makes no claim there was any defect other than above indicated, but on the contrary testified that the electric iron, the cord and the plug as attached at the end of the cord were ''all right.''

Among the grounds asserted by defendants in support of their motions for a directed verdict and for judgment *non obstante veredicto* are that plaintiff was guilty of contributory negligence as a matter of law, and that ''under her own testimony, (she) had assumed the risk of continuing to use the appliance, which she has testified she was using, with the full knowledge of the conditions existing, and by reason thereof voluntarily assumed any risk of using the same.'' While the record does not disclose upon what ground or grounds the trial court granted defendants' motion for judgment *non obstante veredicto*, we are of the opinion that the ruling was correct.

So far as the record discloses neither plaintiff nor defendants thought a dangerous condition existed in the electric socket or fixture. Instead their knowledge was merely of some condition existing which interfered with heating the electric iron. Defendants had no knowledge of a defective condition which was not possessed by plaintiff; and plaintiff was at least as familiar with the use and risk incident to the use of the electric attachments involved in this suit as was either of the defendants. With such knowledge plaintiff continued to use the electric iron and, under such circumstances, she assumed the risk.

We are mindful of plaintiff's alleged right of recovery on the theory that notwithstanding her injury occurred after she had full knowledge of the condition of which she complains, still she had a right to rely upon the assurance of Mrs. Olender that "she was going to get it fixed. She &ast; &ast; &ast; was going to get her electrician." But plaintiff was fully aware that the condition of which she complains had not been fixed and notwithstanding this for a period of a month or more she continued from week to week to do the ironing knowing that the equipment was in the very condition of which she now complains. Notwithstanding Mrs. Olender did not state the exact or definite date in saying to plaintiff that "she was going to get it fixed," nonetheless we think it should be held as a matter of law (see *Dulany-Vernay Co.* v. *Kalamazoo Stationery Co.,* 213 Mich. 484) that by continuing to use the electric equipment from week to week thereafter for a period of a month or more, plaintiff assumed the risk incident thereto. Obviously the repairing of the condition could have been effected and reasonably would have been effected within a matter of hours or a few days at the most. But when the condition continued long beyond the period within which it might have been checked and repaired, plaintiff no longer could rely upon Mrs. Olender's statement that she would have it fixed. Instead, thereafter plaintiff, as a matter of law, assumed the risk of using the equipment in the condition known to her. In *Cole* v. *Mamer Brick Co.,* 183 Mich. 290, the headnote reads:

"It is a settled rule of law that an employee assumes the known risks of his employment, those ordinarily incident to his employment and those arising and becoming known to him in connection with it as carried on during his service."

In the cited case the following is quoted with approval from 4 Labatt's Master & Servant (2d Ed.), p. 3890:

"It is clear that in all cases where the circumstances were such that, if the promise (to repair) had not been given, the servant's continuance of work would have rendered him chargeable, as a matter of law, with contributory negligence, this defense furnishes a conclusive bar to the action if the injury was received after the expiration of the period during which the servant was justified in relying on the performance of the promise."

See, also, *Neifert* v. *Metler,* 165 Mich. 354, and *Lewis* v. *Phelps,* 256 Mich. 646. In the latter case we quoted with approval from 18 R. C. L. p. 548, the following:

"Knowledge, then, or opportunity by the exercise of reasonable diligence to acquire knowledge, of the peril which subsequently results in injury to the employee is the foundation of the liability of the employer. Liability exists when the perils of the employment are known to the employer but not to the employee; and no liability is incurred when the employee's knowledge equals or surpasses that of the employer."

Regardless of whether plaintiff asserts defendants' liability on the theory of common-law negligence or on the theory of liability resulting from violation of their statutory duty, if applicable, to keep their dwelling "in good repair" (1 Comp. Laws 1929, § 2559 [Stat. Ann. § 5.2843]), under this record, she may not recover because she had knowledge of the alleged defective condition to the same extent as did defendants and by continuing to use the electric iron with knowledge of existing conditions she assumed the risk.

It may be noted that the extent to which the doctrine of assumed risk can be relied upon as a defense has been restricted by statute; but the restriction is not applicable to the instant case. 2 Comp. Laws 1929, § 8408 (Stat. Ann. § 17.142).

The judgment entered in the circuit court is affirmed, with costs to appellees.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.