## ·GENESEE MERCHANTS BANK & TRUST·
## COMPANY v. PAYNE.

1. APPEAL AND ERROR—NEGLIGENCE—EVIDENCE—DEPOSITIONS.

Defendant's contention in negligence action that trial court erred in permitting plaintiff to introduce into evidence discovery depositions of defendants over proper objections, since defendants were present in court, *held*, without merit, where the deponents were adverse parties and their statements are no less admissible as depositions than if they had been made under any other circumstances (GCR 1963, 302.4[2][3]).

2. EVIDENCE—DEPOSITIONS—PARTIES.

The general rule that the witness must be shown to be unavailable for testifying in court does not apply to a party's use of his opponent's deposition for the simple reason that every statement of an opponent may be used against him as an admission without calling him (GCR 1963, 302.4[2][3]).

3. NEGLIGENCE—INVITEES—SAFE CONDITION OF PREMISES.

One who expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, must use reasonable care to render the premises safe for invitees' visit, and to use due care to obviate the existence of any situation which was known or should have been known, that might result in injury.

4. SAME—SOCIAL INVITEE—DUE CARE—BUSINESS INVITEE.

A social invitee is entitled to the same degree of care that is due to a business invitee.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery §§ 99, 104, 106. ·
[2] 23 Am Jur 2d, Depositions and Discovery § 106.
[3] 38 Am Jur, Negligence §§ 92, 96.
[4] 38 Am Jur, Negligence § 96.
[5] 53 Am Jur, Trial §§ 1028, 1131, 1139, 1144.
[6] 38 Am Jur, Negligence §§ 49–51, 96, 118.

5. TRIAL—VERDICTS AND FINDINGS—INFERENCES—CONJECTURE.
   The finders of fact in a trial, whether jury or court, are constrained to draw reasonable inferences from established facts, and may not indulge in conjecture.

6. NEGLIGENCE—EVIDENCE—MINORS—ACHILLES' TENDON.
   Judgment for plaintiff minor child who cut her Achilles' tendon while she was under the care of defendants *held,* improper, where the record fails to show what caused the injury and contains no evidence that defendants were guilty of negligence in failing to make their premises reasonably safe for their visitor.

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 November 9, 1966, at Lansing. (Docket No. 1,059.) Decided February 28, 1967. Leave to appeal granted June 8, 1967. See 379 Mich 766.

Complaint by Mary Ann Blaisdell, by her next friend, Marilyn Blaisdell, against Carroll Payne and Margaret Payne for personal injuries sustained while she was in the care of defendants on October 18, 1963. Genesee Merchants Bank & Trust Company, guardian of the estate of Mary Ann Blaisdell, a minor, was substituted as party plaintiff. Judgment for plaintiff. Defendants appeal. Reversed.

*Leitson, Dean, Dean, Abram & Segar* (*Robert M. Abram,* of counsel), for plaintiff.

*Robert L. Taylor* (*Carl M. Riseman,* of counsel), for defendants.

T. G. KAVANAGH, J. Mary Ann Blaisdell, a minor, cut her Achilles' tendon while on defendants' premises and brought this action through her guardian to recover for personal injuries sustained.

Defendants were to take care of Mary Ann (as well as the Blaisdells' other children) while the

Blaisdells were visiting another child in the hospital. The Paynes drove the Blaisdell children to their residence and the children of both families played together, in and about the Payne house and yard. During the course of the afternoon, Mary Ann cut her Achilles' tendon on some object in the yard. Sometime subsequent to the injury, a piece of glass (the top of a fruit jar) was discovered in the vicinity in which the injury occurred.

Trial of the matter was before the court without a jury and resulted in a $2,500 judgment in favor of plaintiff. Appellants' first assignment of error is that at the trial the plaintiff introduced discovery depositions of both defendants over proper objections. The defendants assert that these depositions should not have been admitted since the defendants were present in court, and assign as authority our decision in *Ruhala* v. *Roby* (1966), 2 Mich App 557.

The cases are distinguishable. In *Ruhala* there were two defendants, Roby and Burditt. Plaintiff sought to introduce the deposition of Burditt (who was present in court) and Roby's counsel objected to that part of the deposition which was adverse to Roby's position. The effect of the court's ruling was that although his deposition could be admitted as an admission against himself, Burditt's deposition could not be admitted as an *admission* against Roby, and if the plaintiff wanted Burditt's *testimony* against Roby, the plaintiff would have to call him as his witness. We concluded this ruling was correct.

The admissibility of a deposition at trial is governed by GCR 1963, 302.4(2) and (3) which provide:

"(2) The deposition of a party or anyone who at the time of the transaction or occurrence out of which the action arose or at the time of taking

the deposition was an officer, director, employee, or agent of any party may be used by an adverse party for any purpose.

"(3) The deposition of a witness, whether or not a party, when properly filed in accordance with subrule 306.6(1) or subrule 307.2, may be used by any party for any purpose if the court finds: [1] that the deponent is an expert witness; or [2] that the witness is dead; or [3] that the witness is at a greater distance than 50 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or [4] that the witness is unable to attend or testify because of age, sickness, insanity, infirmity, or imprisonment; or [5] that the witness is not subject to process or that the party offering the deposition has been unable to procure the attendance of witnesses by subpoena; or [6] upon motion and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

The difference in the practices allowed in paragraphs (2) and (3) of the Rule is based on the distinction between the status of the deponent as a party capable of making admissions affecting his cause, or the party simply as a witness. Wigmore distinguishes the status of the deponent as well (5 Wigmore on Evidence [3d ed], § 1416, p 194):

"The general rule that the witness must be shown unavailable for testifying in court does not apply to a party's use of his *party opponent's deposition* * * * for the simple reason that every statement of an opponent may be used against him as an admission without calling him."

Here, then, it was proper to admit the discovery deposition of defendants Carroll Payne and Margaret Payne. These deponents were adverse parties and their statements are no less admissible as depositions than if they had been made under any other circumstances.

Appellants make several other assertions of error which in our view can best be considered as: (1) What duty did the defendants owe the plaintiff here? (2) Does the record contain evidence which will support a finding that that duty was breached?

As to the duty owed plaintiff, the appellants assert that the court erred in holding that the plaintiff here was an invitee. They claim that social guests are licensees within the contemplation of the law and are not generally accorded the benefit of that high degree of care to which an invitee is entitled.

We do not perceive this tight construction to be the law in Michigan. Historically, the distinction between an invitee and a licensee, and the duties owed to each, has turned on whether the invitor had expectation of gaining pecuniary benefit from the invitation.

Michigan does not follow this rule. (See *Polston. v. S. S. Kresge Company* [1949], 324 Mich 575, 578.) In Michigan when one expressly or by implication invites others to come upon his premises, whether for business or any other purpose, he must use reasonable care to render the premises safe for their visit, and to use due care to obviate the existence of a situation which was known or should have been known, that might result in injury. *Torma v. Montgomery Ward & Company* (1953), 336 Mich 468, 476, 477; *Blakeley v. White Star Line* (1908), 154 Mich 635, 637 (19 LRA NS 772,

129 Am St Rep 496); *Chamberlain* v. *Haanpaa* (1965), 1 Mich App 303, 310.

We perceive the rule in Michigan to be that a social invitee no less than a business invitee is entitled to that degree of care indicated in the rule stated in Cooley on Torts, quoted in *Blakeley, supra* at page 637:

" 'One is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit.' "

See *Kroll* v. *Katz* (1965), 374 Mich 364, 371, and also *Shaw* v. *Wiegartz* (1965), 1 Mich App 271.

However, we acknowledge that the point is not necessary to decision here. For assuming the trial court was correct in determining plaintiff to be an invitee, does the record contain evidence which will support a finding that the attendant duty was breached? We think not.

The record fails to show what caused the injury. From the evidence that glass was found in the area where she had played after the child was cut, it is tempting to conjecture that the glass caused the cut. But fact finders, be they jury or court, may not indulge in conjecture. See *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417. They are constrained to draw reasonable inferences from established facts. Reasoning *"post hoc ergo propter hoc"* does not meet this test.

Also we are shown no evidence that the defendants failed to do something they should have done. What they should have done is settled. They should

have used ordinary care to make the premises reasonably safe for their visitor. Wherein did they fail? The fact of the injury does not establish negligence. *Kroll* v. *Katz, supra.* The record contains nothing that does.

The defendants' motion to dismiss at the conclusion of proofs should have been granted.

Reversed, with costs to appellants.

QUINN, P. J., and FITZGERALD, J., concurred.