PRESTON *v.* SLEZIAK

1. NEGLIGENCE—INVITEE—SOCIAL GUEST—DUTY OF HOST.

One who expressly or by implication invites others to come upon
his premises, for business or other purposes, must use ordinary
and reasonable care to render the premises safe for the guest
and use due care to obviate the existence of a situation which
is known or should be known that might cause injury.

2. NEGLIGENCE — SOCIAL GUEST — DUTY OF HOST — INSTRUCTION TO
JURY.

Instruction to jury that social guests were licensees and that
their host had only a duty not to injure them by active or
affirmative negligence was error.

3. NEGLIGENCE—INFERENCE—JURY QUESTION.

The jury must be permitted to decide whether a host is liable
to his social guests on the basis of ordinary negligence where
there is sufficient evidence for the jury to infer that the host
failed properly to test or inspect a homemade elevator on his
premises in which the guests were injured when the elevator
failed and crashed to the bottom of a hill.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 96.
[2] 38 Am Jur, Negligence §§ 117, 362, 364.
[3] 38 Am Jur, Negligence §§ 344–347.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 December 4, 1968, at Grand Rapids. (Docket Nos. 4,292, 4,293.) Decided February 24, 1969. Leave to appeal granted May 21, 1969. See 382 Mich 755.

Separate complaints by Eleanor Preston and Anthony Preston against Raymond Sleziak and Delores Sleziak for negligence. Verdict and judgment for defendants. Plaintiffs appeal. Reversed and remanded for a new trial.

*Dunn, Russell & Dunn,* for plaintiffs.

*Cholette, Perkins & Buchanan* (*Don V. Souter* and *Edward D. Wells,* of counsel), for defendants.

BEFORE: R. B. BURNS, P. J., and J. H. GILLIS and CORKIN,* JJ.

R. B. BURNS, P. J. Plaintiffs were spending a weekend as invited guests at defendants' hilltop cottage. Access to the cottage was by either a 113-step stairway or an elevator. The elevator consisted of a car that was raised or lowered along railed tracks by means of cables and an electric winch. Injuries to plaintiffs occurred when the car on which they were descending crashed to the bottom of the hill. The elevator was of the homemade variety and the defendant-husband repeatedly assured plaintiffs that it was safe. Plaintiffs claim their injuries were caused by defendants' negligence in constructing, maintaining, and operating the elevator. They appeal the entry of a judgment upon a jury verdict of no cause of action and denial of their motion for a new trial.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

The decisive issue on appeal is whether defendants exercised that degree of care required for the safety of social guests while on defendants' property. The trial judge in his opinion on the motion for new trial stated:

"The plaintiffs were social guests at the defendants' cottage. The court gave instructions to the jury based upon the fact that the plaintiffs were licensees and as such were gratuitous invitees and that the hosts had only the duty not to injure by active or affirmative negligence and to warn of any dangers which the guests were not likely to discover."

Plaintiffs contend that under Michigan authority they were invitees to whom defendants owed the duty of exercising ordinary care to render the premises reasonably safe for their visit.

The rule in a majority of jurisdictions is similar to that stated by the trial judge. See Annotation, Liability for injury to guest in home or similar premises, 25 ALR2d 598.

However, Michigan cases involving invitees have been uniform in approval of the following statement from Cooley on Torts (1st ed), p 605:

"One is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business *or for any other purpose,* it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit." (Emphasis supplied.) See *Blakeley* v. *White Star Line* (1908), 154 Mich 635, 637; *Torma* v. *Montgomery Ward & Company* (1953), 336 Mich 468, 476, 477; *Kroll* v. *Katz* (1965), 374 Mich 364, 371; *Chamberlain* v. *Haanpaa* (1965),

1 Mich App 303, 310; and *Genesee Merchants Bank & Trust Company* v. *Payne* (1967), 6 Mich App 204, 208, 209. See also *Lauchert* v. *American S. S. Co.* (WD NY, 1946), 65 F Supp 703, 709.

In *Genesee, supra,* this Court, commenting on defendants' claim that social guests are licensees under the contemplation of the law, said:

"Michigan does not follow this rule. (See *Polston* v. *S. S. Kresge Company* (1949), 324 Mich 575, 578.) In Michigan when one expressly or by implication invites others to come upon his premises, whether for business or any other purpose, he must use reasonable care to render the premises safe for their visit, and to use due care to obviate the existence of a situation which was known or should have been known, that might result in injury."

In *Genesee Merchants Bank & Trust Company* v. *Payne* (1968), 381 Mich 234, the Supreme Court affirmed the decision of the Court of Appeals and quoted therefrom as follows:

" 'Also we are shown no evidence that the defendants failed to do something they should have done. What they should have done is settled. They should have used ordinary care to make the premises reasonably safe for their visitor.' "

There was sufficient evidence for the jury to infer that defendants failed to properly inspect or test the elevator. Because of the instructions erroneously given as to the duty owed by defendants to plaintiffs the jury was precluded from considering whether to draw such inferences from the evidence. The case must be remanded for determination by a jury of whether there is liability on the basis of ordinary negligence.

Reversed and remanded for new trial.

All concurred.