676 N.W.2d 615 (2002)
R. Celestia BURNETT, Plaintiff-Appellant and Cross-Appellee,
v.
Bernadine BRUNER, Defendant-Appellee and Cross-Appellant.
Docket No. 120097, COA No. 220039.
Supreme Court of Michigan.
June 4, 2002.
On order of the Court, the application for leave to appeal and the application for leave to appeal as cross-appellant from the September 7, 2001 decision of the Court of Appeals are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows.
I would grant leave to appeal on defendant's cross-appeal, which asserts that the Court of Appeals erred in affirming the trial court's denial of defendant's motion for judgment notwithstanding the verdict. In this case, plaintiff suffered an injury as a result of a slip-and-fall in the front yard of defendant's home. A review of the record indicates that defendant kept her yard in a rustic or natural fashion.Plaintiff's evidence described the property as "very rough" and "unlevel" because the yard had "trees," "some rocks," and "a lot of tire tracks." Apparently, the tire tracks were the result of typical ingress and egress by the resident as well as by a truck that had delivered some gravel. Plaintiff indicates that she slipped on an "elevation of some kind" caused by one or another of these conditions that was, according to her husband, "maybe four or five inches deep."
As part of a plaintiff's (in this case, a licensee's) prima facie case, she must show that "the [landowner] knows or has reason to know of the condition, and should realize that it involves an unreasonable risk of harm to [the licensee]." Preston v. Sleziak, 383 Mich. 442, 453, 175 N.W.2d 759 (1970), rev'd in part Stitt v. Holland Abundant Life, 462 Mich. 591, 603, 614 N.W.2d 88 (2000).
Even viewing the evidence in a light most favorable to the plaintiff, I am not yet persuaded that the conditions on defendant's property posed an unreasonable risk of harm to plaintiff. First, there is nothing in the record to suggest that any of the natural conditions located on defendant's property, namely, the trees and rocks, posed an unreasonable risk of harm to the plaintiff. Instead, these conditions appear to be quite ordinary, especially in light of the fact that the property at issue was maintained in a rustic state. There is no obligation on the part of a landowner to make as safe as conceivably possible every natural condition on the landowner's property. Doubtless, it would be possible for a landowner to landscape every terrain in order to make it more level, and, equally doubtless, it would be possible for a landowner to remove every stray rock or log to make the property safer. Such an obligation, however, has never been viewed as a part of the landowner's legal obligation.
Second, I find the existence of tire tracks or ruts on a muddy property, such as here, also to be unremarkable. Again, I am not yet persuaded that this condition, even to the extent that it can be proved to have existed, presents an unreasonable risk of harm to plaintiff.
On the basis of the foregoing, I am uncertain whether a reasonable jury could conclude that either of these conditions posed an "unreasonable" risk of harm to a plaintiff. Rather, the conditions appear to *616 be altogether ordinary and of a kind that might subject any random landowner, particularly one in a rural area or one who maintained property in a more or less rustic or natural state, to a lawsuit whenever a visitor suffered an accidental slip-and-fall. Because I am hard-pressed to identify any potentially blameworthy conduct on the part of defendant, or to apprehend any conceivable obligation on defendant's part to repair an allegedly "dangerous" condition on her property, I would grant leave to appeal. Alternatively, I would require plaintiff to respond to defendant's cross-appeal.
WEAVER, J., dissents and joins in the statement of MARKMAN, J.
MARILYN J. KELLY, J., would grant the application for leave to appeal and deny the application for leave to appeal as cross-appellant.