698 N.W.2d 154 (2005)
472 Mich. 902
BARRETT
v.
DISCOUNT TIRE & BATTERY.
Docket No. 127167. COA No. 250213.
Supreme Court of Michigan.
May 13, 2005.
Leave to Appeal Denied.
MARKMAN, J. (dissenting).
Plaintiff tripped over a two-foot-long jack protruding from underneath a vehicle at an automotive garage and injured himself. The trial court granted summary *155 disposition in favor of defendant, and the Court of Appeals reversed. Contrary to the majority, I would reverse the judgment of the Court of Appeals and reinstate the order of the trial court.
"[T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers...." Lugo v. Ameritech Corp., Inc., 464 Mich. 512, 517, 629 N.W.2d 384 (2001). "[O]nly those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." Id. at 519, 629 N.W.2d 384.
In my judgment, "a reasonably prudent person," id. at 523, 629 N.W.2d 384, would have observed the jack sticking out from underneath the vehicle. Moreover, "a reasonably prudent person" would be aware of the possibility that a jack might be sticking out from underneath a vehicle in an automotive garage, and be prepared to avoid it. Finally, a jack sticking out from underneath a vehicle in an automotive garage "does not involve an especially high likelihood of injury," id. at 520, 629 N.W.2d 384, to the extent that it must be avoided at all costs by a garage owner acting reasonably to protect those upon his or her premises.
The Court of Appeals believed that the jack was not "open and obvious" because it was gray and may have been camouflaged by the gray garage floor. However, to allow such a condition by itself to negate the fact that the "hazard" of the jack is "open and obvious" is to seriously erode the "open and obvious" defense, one that has traditionally been available to protect property owners from unreasonable liability.
As with Yousif v. Mona (Docket No. 126594), 472 Mich. 900, 698 N.W.2d 152 the Court of Appeals here lost sight of the fact that legal decisions are designed to increase the predictability and certainty of everyday life. Such decisions have practical consequences. What is the appropriate response to the Court of Appeals decision on the part of a reasonable automotive garage owner in Michigan who wishes to avoid litigation? Must his or her jacks be of a different color than the garage floor? If there is the possibility of grease on the garage floor (which product often happens to be black), must the jack be some other color than black? Must the jack be of a bright color? Must the jack not be allowed to protrude from underneath a vehicle unless it contains an eye-level flag of a color that is not camouflaged by the walls of the garage? The Court of Appeals decision would expose property owners to the risk of litigation for accidents arising from the most mundane, the most open and obvious, conditions of an ordinary business premises, conditions concerning which there has been no unreasonable conduct at all on the part of the property owners.
What is the rule of personal conduct and obligation that the Court of Appeals would impose upon property owners by its decision in this case?