698 N.W.2d 152 (2005)
472 Mich. 900
YOUSIF
v.
MONA.
Docket No. 126594. COA No. 246680.
Supreme Court of Michigan.
May 13, 2005.
YOUNG, J.
I share Justice MARKMAN's belief that a loose carpet thread is not a "hidden danger" and that plaintiff faced no "unreasonable risk of harm" from defendant's carpeting. As we have previously held, a social guest "assumes the ordinary risks that come with the premises." Stitt v. Holland Abundant Life Fellowship, 462 Mich. 591, 603, 614 N.W.2d 88 (2000). A loose carpet thread is certainly an "ordinary risk" one would expect in visiting another's home.
MARILYN J. KELLY, J.
I would deny the application for leave to appeal.
MARKMAN, J. (dissenting).
While at defendant's  her brother's  home, plaintiff tripped on a loose carpet thread loop and injured herself. The trial court granted summary disposition in favor of defendant, and the Court of Appeals reversed. Contrary to the majority, I would reverse the judgment of the Court of Appeals and reinstate the order of the trial court.
Because a loose carpet thread loop is not a "hidden danger," James v. Alberts, 464 Mich. 12, 19, 626 N.W.2d 158 (2001), and because a homeowner does not owe an obligation to an invitee to scour his or her premises to ensure that there are no loose carpet thread loops in his or her home, I do not believe that any "unreasonable risk of harm" was posed to the plaintiff. Preston v. Sleziak, 383 Mich. 442, 453, 175 N.W.2d 759 (1970), overruled on other grounds by Stitt v. Holland Abundant Life Fellowship, 462 Mich. 591, 614 N.W.2d 88 (2000). A host "has no duty to reconstruct his premises ... for those accepting his hospitality. The guest assumes ordinary risks that come with the premises." Stitt, supra at 603, 614 N.W.2d 88. A loose carpet thread loop is an ordinary risk in a carpeted home, and a homeowner has no duty to rid his or her home of every loose carpet thread loop before inviting another for a visit. Social guests are licensees who "assume the ordinary risks associated with their visit." James, supra at 19, 626 N.W.2d 158.
As in Barrett v. Discount Tire & Battery (Docket No. 127167), 472 Mich. 902, 698 N.W.2d 154, the Court of Appeals here loses sight of the fact that legal decisions are designed to increase the predictability and certainty of everyday life. Such decisions have practical consequences. What is the appropriate response to the Court of Appeals decision on the part of a reasonable homeowner in Michigan (at least one who happens to have a rug or carpet somewhere within his or her premises) who wishes to avoid litigation? Must he or she remove all rugs and carpets from the premises? Must he or she inspect each rug or carpet loop by loop in order to determine whether any are loose or of an excessive diameter? Must he or she apprise *153 visitors while they are on the front porch that there is carpeting within the home and that a guest enters at the guest's own risk? Will a sign warning of the possibility of errant carpet loops be sufficient? Will Berber, but not Persian, rugs and carpets subject homeowners to heightened liability? The Court of Appeals decision would expose homeowners to the risk of litigation for accidents arising from the most mundane, the most open and obvious, conditions of the ordinary home, conditions regarding which there has been no unreasonable conduct at all on the part of the homeowners.
What is the rule of personal conduct and obligation that the Court of Appeals would impose upon homeowners by its decision in this case?