# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 20, 2005

126594 & (51)

FATEN YOUSIF,
         Plaintiff-Appellee,

v

WALLED MONA,
         Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126594
COA: 246680
Macomb CC: 02-001903-NO

By order of May 13, 2005, this case was remanded to the Court of Appeals for further proceedings. On order of the Court, the Court of Appeals decision on remand having been filed, the application for leave to appeal the June 8, 2004 judgment of the Court of Appeals is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

While at defendant's—her brother's—home, plaintiff tripped on a loose carpet thread loop and injured herself. As a result, she brought this action against defendant. The trial court subsequently granted summary disposition in favor of defendant, and the Court of Appeals reversed, concluding that genuine issues of fact existed. This Court remanded to the Court of Appeals for it to articulate these genuine issues of fact. I dissented, indicating that I would reverse the judgment of the Court of Appeals and reinstate the order of the trial court.

On remand, the Court of Appeals majority held that genuine issues of fact existed regarding "whether the carpet loop at issue represented an unreasonable risk of harm about which defendant had a duty to warn plaintiff." The Court of Appeals dissent concluded that "plaintiff has failed to show that defendant should have realized that the carpet pull in question presented an unreasonable risk of harm requiring a warning by defendant to his guests."

I agree with the dissent and would reverse the Court of Appeals judgment and reinstate the order of the trial court for the reasons previously set forth in my dissenting statement, 472 Mich 900 (2005):

Because a loose carpet thread loop is not a "hidden danger," *James v Albert*, 464 Mich 12, 19 (2001), and because a homeowner does not owe an obligation to an invitee to scour his or her premises to ensure that there are no loose carpet thread loops in his or her home, I do not believe that any "unreasonable risk of harm" was posed to the plaintiff. *Preston v Sleziak,* 383 Mich 442, 453 (1970), overruled on other grounds by *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591 (2000). A host "has no duty to reconstruct his premises . . . for those accepting his hospitality. The guest assumes ordinary risks that come with the premises." *Stitt, supra* at 603. A loose carpet thread loop is an ordinary risk in a carpeted home, and a homeowner has no duty to rid his or her home of every loose carpet thread loop before inviting another for a visit. Social guests are licensees who "assume the ordinary risks associated with their visit." *James, supra* at 19.

As in *Barrett v Discount Tire & Battery* [472 Mich 902 (2005)], the Court of Appeals here lost sight of the fact that legal decisions are designed to increase the predictability and certainty of everyday life. Such decisions have practical consequences. What is the appropriate response to the Court of Appeals decision on the part of a reasonable homeowner in Michigan (at least one who happens to have a rug or carpet somewhere within his or her premises) who wishes to avoid litigation? Must he or she remove all rugs and carpets from the premises? Must he or she inspect each rug or carpet loop by loop in order to determine whether any are loose or of an excessive diameter? Must he or she apprise visitors while they are on the front porch that there is carpeting within the home and that a guest enters at the guest's own risk? Will a sign warning of the possibility of errant carpet loops be sufficient? Will Berber, but not Persian, rugs and carpets subject homeowners to heightened liability? The Court of Appeals decision would expose homeowners to the risk of litigation for accidents arising from the most mundane, the most open and obvious, conditions of the ordinary home, conditions regarding which there has been no unreasonable conduct at all on the part of the homeowners.

What is the rule of personal conduct and obligation that the Court of Appeals would impose upon homeowners by its decision in this case?

YOUNG, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 20, 2005

*Corbin R. Davis*

Clerk

t1017