On March 6, 2018, the Court heard oral argument on the application for leave to appeal the January 31, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REMAND this case to the Court of Appeals to determine whether the defendants had a duty to warn the plaintiff of the condition. The panel did not consider the defendants' other arguments, which could have provided alternative grounds to affirm the trial court's grant of summary disposition, notwithstanding its conclusion-which we do not disturb-that questions of fact remain as to whether the particular condition was open and obvious.
 

 As an initial matter, we agree with both lower courts that the plaintiff was a licensee. In
 
 Preston v. Sleziak
 
 , we adopted the Restatement (Second) of Torts' articulation of the duty owed by a premises possessor to licensees:
 

 "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
 

 (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
 

 (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
 

 (c) the licensees do not know or have reason to know of the condition and the risk involved." [
 
 Preston v. Sleziak
 
 ,
 
 383 Mich. 442
 
 , 453,
 
 175 N.W.2d 759
 
 (1970), quoting Restatement Torts, 2d, § 342, p. 210, overruled in part on other grounds by
 
 Stitt v. Holland Abundant Life Fellowship
 
 ,
 
 462 Mich. 591
 
 ,
 
 614 N.W.2d 88
 
 (2000).]
 

 "The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit."
 
 Stitt
 
 ,
 
 462 Mich. at 596
 
 ,
 
 614 N.W.2d 88
 
 . In short, the defendants could satisfy their duty of care to a licensee like the plaintiff by warning of any conditions that a licensee would not have reason to know of and that posed an unreasonable risk of harm; beyond this duty to warn of certain conditions, the defendants had no affirmative duty to inspect the premises or to make the premises safe for licensees. If the particular condition here did not give rise to a duty to warn, the defendants cannot be held liable.
 

 On the other hand, "the 'no duty to warn of open and obvious danger' rule is a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case."
 
 Riddle v. McLouth Steel Products Corp.
 
 ,
 
 440 Mich. 85
 
 , 95-96,
 
 485 N.W.2d 676
 
 (1992). If the defendants had no duty to warn of the condition because it did not " 'involve[ ] an unreasonable risk of harm to [the plaintiff]' " or was not one that the defendants " 'should expect that [the plaintiff would] not discover,' " the plaintiff's prima facie negligence claim fails, regardless of the openness and obviousness of the condition.
 
 Preston
 
 ,
 
 383 Mich. at 453
 
 ,
 
 175 N.W.2d 759
 
 ,
 quoting Restatement, § 342. A question of fact as to the openness and obviousness of the step is irrelevant if there is no prima facie claim. There is no need to "attack[ ] the duty element" if the defendants owed no duty in the first place. See
 
 Riddle
 
 ,
 
 440 Mich. at 96
 
 ,
 
 485 N.W.2d 676
 
 .
 

 Although the defendants did argue that
 
 if
 
 the condition was one for which they owed a duty to warn licensees, it was nevertheless open and obvious, and the trial court granted their motion for summary disposition on that basis, that was not the only basis for their summary disposition motion. The defendants have also consistently presented another argument: that the particular condition complained of here-a single step in a dark room-was not a condition that a licensee would not know of or have reason to know of that posed an unreasonable risk of harm such that the defendants had a duty to warn.
 

 If the defendants prevail on this claim, the trial court's ruling should be affirmed on this alternative basis. In other words, the panel should determine whether the defendants owed a duty to the plaintiff with respect to this particular condition regardless of whether the condition was open and obvious. See
 
 Preston
 
 ,
 
 383 Mich. at 453
 
 ,
 
 175 N.W.2d 759
 
 .
 

 Accordingly, we REMAND this case to the Court of Appeals for consideration of this issue it has not yet addressed: whether defendants owed plaintiff a duty to warn about the step because the plaintiff did not " 'know or have reason to know of the condition and the risk involved,' " and it involved " 'an unreasonable risk of harm,' " and the defendants should not have expected that a licensee like the plaintiff would " 'discover or realize the danger ....' "
 
 Id
 
 ., quoting Restatement, § 342.
 

 We do not retain jurisdiction.