*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN BLACKWELL,

      Plaintiff-Appellant,

v

DEAN FRANCHI and DEBRA FRANCHI,

      Defendants-Appellees.

FOR PUBLICATION
March 14, 2019

No. 328929
Oakland Circuit Court
LC No. 14-141562-NI

## ON REMAND

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

K. F. KELLY, P.J. (*dissenting*).

Once again, I respectfully dissent.

In my previous dissent, I expressed consternation that an invited guest would enter a darkened room to confront what she claims to be unknown and unidentified dangers and then be heard to complain when the homeowners failed to ensure her safety. I approached the matter through the lens of whether the "danger" plaintiff confronted was open and obvious. Our Supreme Court has left intact the majority's opposite conclusion that questions of fact remain as to whether the condition was open and obvious. *Blackwell v Franchi*, 502 Mich 918; 914 NW2d 900 (2018), slip op, p 1. However, the Court remanded the case for us to consider defendants' alternative argument that no duty existed. In essence, the Supreme Court concluded that our previous opinions may have placed the cart before the horse by discussing the open and obvious danger without first ascertaining whether defendants owed plaintiff a duty in the instance.

The Supreme Court's order sets forth the duty owed by premises owners to licensees as found in Restatement Torts, 2d, § 342, p. 210:

      A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

-1-

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved. [*Blackwell*, 502 Mich 918, slip op, p 1 (quotation marks and citations omitted).]

The Court added:

If the defendants had no duty to warn of the condition because it did not " 'involve[ ] an unreasonable risk of harm to [the plaintiff]' " or was not one that the defendants " 'should expect that [the plaintiff would] not discover,' " the plaintiff's prima facie negligence claim fails, regardless of the openness and obviousness of the condition. . . .A question of fact as to the openness and obviousness of the step is irrelevant if there is no prima facie claim. There is no need to "attack[ ] the duty element" if the defendants owed no duty in the first place. [*Blackwell*, 502 Mich 918, slip op, p 2.]

The Court noted that defendants had argued "that the particular condition complained of here—a single step in a dark room—was not a condition that a licensee would not know of or have reason to know of that posed an unreasonable risk of harm such that the defendants had a duty to warn." *Id*. To that end, the Supreme Court remanded:

for consideration of this issue it has not yet addressed: whether defendants owed plaintiff a duty to warn about the step because the plaintiff did not know or have reason to know of the condition and the risk involved, and it involved an unreasonable risk of harm, and the defendants should not have expected that a licensee like the plaintiff would discover or realize the danger . . . . [*Id*. (quotation marks omitted)]

On remand, the majority effectively leapfrogs over our only task – determining whether defendants owed plaintiff a duty– and inexplicably discusses at length defendants' "standard of care." The majority relies on *Case v Consumers Power Co*, 463 Mich 1, 7; 615 NW2d 17 (2000), for "guidance on how to analyze whether a particular action or omission violates a general standard of care or general duty." *Ante*, p 2. However, the case had nothing to do with premises liability. At issue in *Case* was whether the trial court erred when it instructed the jury that the defendant, a power company, was required to inspect and repair its electrical lines because electricity was inherently dangerous. The Court was asked to address the standard of care applicable to providers of electricity in stray voltage cases. It determined that the "general standard of care is always 'reasonable care,' and it is for the jury to determine whether the defendant's conduct in a given case fell below that standard." *Case*, 463 Mich at 3.

The *Case* Court set forth the elements needed to establish a prima facie case of negligence: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Id*. at 6 (footnote omitted). "The disputed instruction in [*Case*]

was intended to aid the jury in determining *whether defendant breached its duty* to plaintiffs to exercise 'reasonable care.' " *Id.* (emphasis added). Therefore, the issue in *Case* had nothing to do with whether the defendant *owed* the plaintiffs a duty in the first instance; rather, the issue was whether the defendant *breached* that duty. *Case* has no application here where our Court's remand order specifically provides that "there is no need to attack the duty element if the defendants owed no duty in the first place." *Blackwell*, 502 Mich at 918.

In keeping with the Supreme Court's remand order in this case, I would find that the step at issue did not give rise to a duty to warn and, absent a duty to warn, defendants cannot be held liable. The step is remarkable only because it was in a dark room. However, that does not mean that the step posed an unreasonable risk of harm to plaintiff or that defendants should have expected that plaintiff would not discover the step.

I do not mean to say that, as a matter of law, a homeowner will *never* owe a guest the duty to warn about a condition in a dark room, but, as Justice McCormack aptly notes:

> The Restatement contemplates that a licensee will discover "conditions which are perceptible by his senses, or the existence of which can be inferred from facts within the licensee's knowledge." Restatement, § 342, comment *f*, p. 212. Some conditions in a dark room will be more predictable than others . . .. The Restatement's standard thus assigns the homeowner a duty commensurate with the hazard: a slipper on the floor in a dark mudroom is different than an open shark tank in that same dark room. I trust the Court of Appeals can evaluate based on the record where the 8-inch step falls on that continuum. [*Blackwell*, 502 Mich 918, slip op, pp 3-4 (MCCORMACK, J., concurring).]

In reviewing the Supreme Court's remand order, concurrence, and dissent, the issues to be addressed are whether the condition itself – an unremarkable step –posed (1) an unreasonable risk of harm or (2) whether defendants should have expected that plaintiff would not discover the step.

The majority appears to concede that the unremarkable step did not pose an unreasonable risk of harm. It focuses entirely on whether defendants should have anticipated that plaintiff was not in a position to discover the step. However, there was nothing to suggest that defendants should have known that plaintiff would not discover the step. Defendants were entitled to "expect that plaintiff would 'be on the alert to discover conditions which involve[d] risk' to her." *Blackwell*, 502 Mich 918, slip op, p 14 (MARKMAN, J., dissenting), quoting Restatement, § 342, comment *f*, p. 212. I agree with Justice Markman's statement that "a social host is entitled to expect that social guests reasonably will discover for themselves commonplace potential dangers on the land without the assistance of an affirmative warning." *Id.* I fully agree with Justice Markman's conclusion:

> I would reiterate today the principle of our common law that a social host may not be held liable for injuries suffered by a social guest from an allegedly dangerous condition of the land when the host had no reason to expect that the guest would reasonably fail to discover the condition. That is, hosts are not required to monitor or surveil their guests to ensure that they do not suffer injury from

commonplace household conditions, conditions to which the hosts and their families themselves are ordinarily and routinely subject. Here, plaintiff was injured when she stepped into the darkened mudroom without turning on the light or otherwise ascertaining that it was safe to enter. In my judgment, the law should not hold defendants liable when they had no reason to expect that plaintiff—or any other guest—would fail to exercise their own reasonable precautions. [*Id.*]

Far from being a comparative negligence analysis, the focus remains on the condition at issue (an unremarkable step) and defendants' reasonable expectations.

I would affirm the trial court's order on the alternative basis that defendants owed plaintiff no duty under the circumstances.

/s/ Kirsten Frank Kelly