*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELVIN BROWN,

      Plaintiff-Appellant,

v

VARP INC., VARP MANAGEMENT, INC., PW INVESTCOM, CORNERSTONE TOWNHOMES, and CORNERSTONE PROPERTIES CO., INC.,

      Defendants,

and

PINEWOOD TOWNHOMES,

      Defendant-Appellee.

UNPUBLISHED
May 7, 2019

No. 343256
Oakland Circuit Court
LC No. 2017-159008-NO

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

Plaintiff, Melvin Brown, appeals as of right the trial court's order granting defendant PW Investcom, LLC d/b/a Pinewood Townhomes's (Pinewood) motion for summary disposition under MCR 2.116(C)(8) and (10) and dismissal of his complaint. We affirm.

## I. FACTS

Plaintiff, his brother, Jonathon McCoy, and a friend, Dominick London, spent the early morning hours of January 14, 2017 socializing. Plaintiff and London each drank alcoholic beverages throughout the night. McCoy, the designated driver, dropped London off at his apartment owned and managed by Pinewood around 4:00 a.m. When he exited the car, London played a prank on plaintiff by removing plaintiff's carryout food and hiding it behind the car, which prompted plaintiff to follow London toward his front door. While giving chase to London, plaintiff walked on the lawn where he slipped on an icy condition on the grass and fell face first in to the ground severely injuring his face.

-1-

Plaintiff sued a number of defendants including Pinewood alleging negligence and premises liability. Pinewood denied any wrongdoing or liability to plaintiff. Plaintiff and Pinewood conducted discovery and at its conclusion Pinewood moved for summary disposition of plaintiff's claims under MCR 2.116(C)(8) and (10). The trial court granted Pinewood's motion on several grounds including that Pinewood owed plaintiff no duty and because the condition about which plaintiff complained was open and obvious.

## II. STANDARDS OF REVIEW

We review de novo a trial court's summary disposition decision to determine if the moving party was entitled to judgment as a matter of law. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). We review de novo a trial court's decision regarding whether a party owed a duty to another. *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004).

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint," and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (citation omitted). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted). A trial court may consider only the pleadings when deciding a motion brought under MCR 2.116(C)(8). *Id*. at 119-120, citing MCR 2.116(G)(5).

A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim, and is reviewed by considering the pleadings, admissions, and other evidence submitted by the parties in a light most favorable to the nonmoving party. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008), reh den 481 Mich 882 (2008). Summary disposition is proper if there is "no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact exists when "reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). We consider only the evidence that was properly presented to the trial court in deciding the motion. *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003).

## III. ANALYSIS

Plaintiff argues that he was an invitee on Pinewood's premises and as such Pinewood owed him a duty to remove ice from the grassy areas on the premises. We disagree.

The threshold issue in a premises liability action is whether the defendant owed the plaintiff a duty. *Fultz*, 470 Mich at 463. "Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Moning v Alfono*, 400 Mich 425, 438-439; 254 NW2d 759 (1977). "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered

damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006) (citation omitted). "The duty owed to a visitor by a landowner depends on whether the visitor was classified as a trespasser, licensee, or invitee at the time of the injury." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013).

In *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000), our Supreme Court explained the categories and the requisite standards of care owed by a landowner as follows:

> A 'trespasser' is a person who enters upon another's land, without the landowner's consent. The landowner owes no duty to the trespasser except to refrain from injuring him by wilful and wanton misconduct.

> A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent. A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. Typically, social guests are licensees who assume the ordinary risks associated with their visit.

> The final category is invitees. An 'invitee' is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make it safe for the invitee's reception. The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. Thus, an invitee is entitled to the highest level of protection under premises liability law. [Quotation marks and citations omitted.]

To establish invitee status, a plaintiff must show that the landowner held open the premises to him for a commercial purpose. *Id*. at 604. For a visitor to be deemed an invitee, a plaintiff who has been injured during a visit on a landowner's premises must establish that he visited for a business purpose that conveyed a business or commercial benefit to the landowner. *Id*. at 605. Absent a commercial purpose for the visit, the visitor is deemed a social guest which constitutes a licensee. *Id*. at 606.

In this case, plaintiff entered Pinewood's premises on the morning of his accident after London pulled a prank on him. The record reflects that plaintiff previously visited London at the apartments as his social guest. We conclude that plaintiff entered upon the premises on the morning of his accident with London's consent as his social guest. Accordingly, plaintiff was a licensee and was not an invitee.

Under the principles articulated in *Stitt*, because plaintiff was a licensee, Pinewood owed him a duty only to warn him of any hidden dangers it knew or had reason to know if plaintiff did

not know or have reason to know of the dangers involved. Pinewood owed no duty of inspection or affirmative care to make the premises safe for plaintiff's visit. *Id*. at 596. Landowners "are not charged with guaranteeing the safety of every person who comes onto their land." *Hofner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). Moreover, both possessors of land and visitors must "exercise common sense and prudent judgment when confronting hazards on the land." *Id*. Michigan law does not require perfection from landowners and requires that visitors take personal responsibility to take reasonable care for their own safety. *Id*. at 460. Landowners have no obligation "to make ordinary conditions foolproof." *Id*. (quotation marks and citation omitted.)

In this case, the record reflects that plaintiff's accident occurred on a wintry January morning before dawn with below freezing temperatures. McCoy and London testified that they were aware, based upon their casual observations, that icy conditions were present on the premises. The record reflects that London walked on the sidewalks to his front door without incident. Plaintiff testified unequivocally that he departed from the sidewalk that led to London's apartment, walked on the grass, slipped on ice on the grass, and fell face first landing on the grass.

Plaintiff cites no legal authority and we are unaware of any that stand for the proposition that Michigan landowners have a duty to remove ice or snow from their lawns during winter. Therefore, Pinewood had no duty under Michigan law to keep the grassy area free of ice or snow during winter in Michigan.

Even assuming that plaintiff had invitee status, as the parties and the trial court believed, plaintiff has failed to establish that Pinewood breached any duty to him. Under Michigan law, landowners have a duty of care to invitees not only to warn them of any known dangers but to also make the premises safe. *Stitt*, 462 Mich at 597. Depending upon the circumstances, landowners must inspect the premises and take action or warn of any discovered hazards. *Id*. A landowner's duty, however, is limited to responding reasonably to conditions that arise on its premises. *MacDonald v PKT, Inc*, 464 Mich 322, 335; 628 NW2d 33 (2001). Michigan law does not subject landowners to liability for irrational or unpredictable conduct by invitees. *Id*.

In this case, plaintiff chose to leave the sidewalk to cut across the lawn on the premises despite having a suitable sidewalk on which he could have followed London to the apartment. The record reflects that, under the circumstances, plaintiff's actions were neither rational nor predictable. Plaintiff cites no legal authority for the proposition that Michigan landowners must remove ice or snow from their lawns during winter in anticipation of persons straying from the sidewalks. Such action would not be reasonable and we find no authority to impose liability upon landowners to do so. Therefore, Pinewood had no duty under Michigan law to invitees to keep the grassy area free of ice or snow during winter in Michigan.

Plaintiff argues further that this Court should hold that Pinewood owed him a duty to clear ice from its grassy area because it was foreseeable that someone would traverse the grassy area on Pinewood's premises. We disagree.

Plaintiff's argument rests upon the invalid premise that he was an invitee on the premises and owed duties beyond those owed to licensees. As a licensee, Pinewood owed plaintiff no

duty of inspection or duty to take affirmative care to make the premises safe for his visit. Moreover, no evidence established that Pinewood knew of an icy condition on its grass or reasonably should have known that ice accumulated on its lawn that it should have taken action to remove. Even assuming that plaintiff had invitee status, plaintiff has failed and cannot establish that Pinewood owed him a duty as an invitee because of the foreseeability of the harm under the circumstances of this case.

Examination of the factors for determining whether a legal duty existed in this case does not support plaintiff's contention. In *Valcaniant v Detroit Edison Co*, 470 Mich 82, 86; 679 NW2d 689 (2004), our Supreme Court set forth the following factors that courts examine for determination of the existence of a duty:

> foreseeability of the harm, degree of certainty of injury, closeness of connection between the conduct and injury, moral blame attached to the conduct, policy of preventing future harm, and . . . the burdens and consequences of imposing a duty and the resulting liability for breach. [Quotation marks and citations omitted.]

Respecting the foreseeability of the harm, a person of ordinary intelligence would not ordinarily leave an available sidewalk on a freezing icy winter morning before dawn to walk across a lawn to get to an apartment. Generally, landowners provide sidewalks in apartment complexes for renters and their social guests to access the apartments. The record reflects that Pinewood provided sidewalks for this purpose and it had personnel who routinely inspected and applied salt on the sidewalks during the winter. Pinewood's lead maintenance person testified that Pinewood provided each apartment a bucket of salt for application on the sidewalks and he personally inspected and salted icy areas on the sidewalks. The record does not reflect that the sidewalks were impassable on the morning of plaintiff's accident necessitating plaintiff's departure from the sidewalks into the grassy area. To the contrary, London's testimony established that he walked on the sidewalks without incident to the door of the apartment. He also testified that the area lighting sufficed to illuminate the area enabling him to see where icy conditions were located. The law does not require a reasonable landowner to anticipate that a licensee or an invitee would depart from the available sidewalks during icy conditions in the winter and take action to remove ice or snow from the lawn. Accordingly, this factor weighs against finding that Pinewood owed plaintiff a duty to keep its lawn clear of icy conditions.

The record also does not establish that one who chose to walk on the grass on the night of the incident, whether a licensee or invitee, faced a high degree of certainty of injury. McCoy made that choice despite recognizing the icy conditions and he approached plaintiff after he fell without incident. Both McCoy and London testified that they observed icy conditions in the grass through casual inspection. The evidence in this case establishes that licensees and invitees could exercise reasonable care for their own safety and that they did not face a high degree of certainty of injury even if they forged a path through the grass to the apartment door. Accordingly, this factor weighs against finding that Pinewood owed plaintiff a duty to keep its lawn clear of icy conditions.

Respecting the closeness of the connection between the conduct and the injury, the record does not indicate that Pinewood knew or had reason to know that its grassy areas had developed an icy condition during the night that posed an unreasonable risk of harm. Pinewood's conduct

did not cause the condition that gave rise to plaintiff's injury. Rather, an ordinary Michigan winter weather event occurred that made the grassy area icy. Further, landowners do not normally remove ice or snow from their lawns during winters in Michigan and it makes little sense to blame Pinewood for not doing so. Plaintiff's injury appears to have been caused by his decision to leave the sidewalk and venture onto the lawn, not because Pinewood failed to act as an ordinary prudent Michigan landowner. We do not find that Pinewood bore moral culpability for plaintiff's slip and fall on ice on the lawn when suitable sidewalks were present and available for travel from the parking lot to the apartment door. Accordingly, these factors weigh against finding that Pinewood owed plaintiff, either as a licensee or an invitee, a duty to keep its lawn clear of icy conditions.

Further, a determination that landowners have a duty to remove ice from their lawns during winter in Michigan or warn licensees or invitees to use the available sidewalks and not traverse the lawns would not support a policy of preventing future harm. Michigan law requires people of ordinary intelligence to exercise reasonable care for their own safety and the overriding public policy of encouraging people to do so precludes imposing a duty on a landowner to make its premises foolproof. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995).

Moreover, the extraordinary burdens and consequences on Michigan landowners weigh against finding that Pinewood had a duty to remove ice from its lawn areas in winter or warn licensees and invitees to use the available sidewalks. Landowners would be forced to erect warning signs or fencing to prevent licensees and invitees from leaving the sidewalks to walk on their lawns in winter. Alternatively, landowners would be forced to remove the ice and snow from their lawns. Requiring landowners to take such extraordinary steps would force landowners to attempt to make their land foolproof, a duty that Michigan law does not require. *Id*. That plaintiff chose to stray from the sidewalks to get to the apartment does not warrant the imposition of liability on Pinewood when the record reflects that it complied with its duty of care to licensees and invitees.

In this case, the factors articulated in *Valcaniant* substantially weigh against finding that Pinewood had a duty to remove the ice from grassy areas on its premises as plaintiff contends. Therefore, Pinewood cannot be held to have owed plaintiff such duty in this case and the trial court correctly ruled that, as a matter of law, Pinewood owed plaintiff no duty under the circumstances. Further, even if we were to accept plaintiff's contention that he was an invitee for purposes of our analysis, plaintiff's argument that Pinewood owed him a duty to warn him of the danger of snow or ice on the grassy areas or remove the snow or ice to make it safe for him fails. Landowners in Michigan have no such duties. Accordingly, the trial court properly granted Pinewood's motion for summary disposition of plaintiff's claims.

Plaintiff also argues that the trial court erred by ruling that the icy condition on Pinewood's property was open and obvious. We disagree.

In *Blackwell v Franchi*, 502 Mich 918; 914 NW2d 900 (2018), our Supreme Court clarified when the open and obvious doctrine applies:

> On the other hand, "the 'no duty to warn of open and obvious danger' rule is a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case." *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 95-96; 485 NW2d 676 (1992). If the defendants had no duty to warn of the condition because it did not " 'involve[] an unreasonable risk of harm to [the plaintiff]' " or was not one that the defendants " 'should expect that [the plaintiff would] not discover,' " the plaintiff's prima facie negligence claim fails, regardless of the openness and obviousness of the condition. *Preston* [*v Sleziak*], 383 Mich [442,] 453; 175 NW2d 759, quoting Restatement, § 342. A question of fact as to the openness and obviousness of the step is irrelevant if there is no prima facie claim. There is no need to "attack[] the duty element" if the defendants owed no duty in the first place. See *Riddle*, 440 Mich at 96.

Moreover, this Court has held that generally, "the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 694; 822 NW2d 254 (2012) (quotation marks and citation omitted). In *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967; 892 NW2d 377 (2017), our Supreme Court reversed and remanded to the trial court for reinstatement of its order granting summary disposition to the defendant and explained that

> notwithstanding the low lighting in the parking lot, the presence of wintery weather conditions and of ice on the ground elsewhere on the premises rendered the risk of a black ice patch open and obvious such that a reasonably prudent person would foresee the danger of slipping and falling in the parking lot. [Quotation marks and citation omitted.]

The record in this case reflects that McCoy and London both observed the icy condition on the land based upon their casual inspections of it as they walked from the parking lot to the apartment. McCoy testified that he saw ice on both the sidewalks and the grass. The evidence presented to the trial court did not support plaintiff's claim that the ice on the grass could not be observed on casual inspection. To the contrary, the evidence established that the condition on the land was open and obvious upon casual inspection and no evidence established that special aspects made the risk unreasonably dangerous particularly since suitable sidewalks were available. Therefore, the trial court did not err by holding that the icy condition in this case was open and obvious and the trial court also properly granted Pinewood summary disposition of plaintiff's claims on that basis.

In this case, the trial court correctly held that Pinewood owed plaintiff no duty under the circumstances presented in this case. Consequently, plaintiff failed and could not establish his prima facie case. Further, even though the trial court could have ended its analysis there, it

correctly determined that the icy condition of the grass constituted an open and obvious danger. Accordingly, the trial court did not err by granting Pinewood summary disposition.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford