*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAYMOND WEITZMAN,

        Plaintiff-Appellant,

UNPUBLISHED
August 22, 2024

v

No. 364491
Oakland Circuit Court
LC No. 2021-190477-NO

WYNDHAM POINTE SUBDIVISION
HOMEOWNERS ASSOCIATION and CHARTER
TOWNSHIP OF WEST BLOOMFIELD,

        Defendants-Appellees.

Before: BOONSTRA, P.J., and CAVANAGH and PATEL, JJ.

PER CURIAM.

This premises-liability action arises out of injuries plaintiff sustained when he tripped on what he contends was at least a two-inch vertical discontinuity between two slabs in a sidewalk in the Wyndham Pointe Subdivision in West Bloomfield Charter Township. The trial court granted summary disposition in favor of defendants, concluding that neither defendant owe a duty because there was no genuine issue of material fact that the vertical discontinuity was open and obvious and there were no special aspects. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On the morning of April 14, 2021, plaintiff was walking on a sidewalk through the Wyndham Pointe subdivision. Plaintiff testified that he walked daily, but only occasionally walked in the Wyndham Pointe subdivision. Plaintiff explained, "I was walking and all of a sudden stumbled and fell to the ground." After he fell, plaintiff observed a height discrepancy between two slabs of the sidewalk that he maintains is more than 2 inches. Although plaintiff was looking ahead as he walked and there were daylight conditions, he did not see the height differential before he fell. And on the several prior occasions that he had traversed that area of sidewalk, he did not notice the vertical discontinuity or encounter any issues. Plaintiff testified that he "tripped over that discrepancy in height[]"as he walked from the higher slab to the lower slab. Plaintiff denied that there was any debris on the sidewalk when he fell.

Plaintiff commenced this action against the Wyndham Pointe Homeowners Association (Wyndham Pointe) and the township. Plaintiff alleged a negligence claim against both defendants, a premises-liability claim against Wyndham Pointe, and a claim against the township under the sidewalk exception to governmental immunity, MCL 691.1402a. Following discovery, the township moved for summary disposition under MCR 2.116(C)(7) and (10) arguing that there was no genuine issue of material fact that it did not have possession or control of the sidewalk, did not know or have reason to know of the vertical discontinuity, and the vertical discontinuity was open and obvious. Wyndham Pointe moved for summary disposition under MCR 2.116(C)(8) and (10) arguing that plaintiff could not prove causation and Wyndham Pointe did not owe plaintiff a duty regarding the vertical discontinuity in the sidewalk because the hazard was not hidden. The trial court granted both motions for summary disposition concluding that there was a genuine issue of material fact as to causation, but "there is no genuine issue of material fact that the alleged danger posed by the uneven sidewalk was open and obvious[,]" did not have special aspects, was not unreasonably dangerous, and was not effectively avoidable.[1] This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is properly granted under MCR 2.116(C)(7) when a party is entitled to governmental immunity as a matter of law. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of a plaintiff's claim on the basis of the pleadings alone. *El-Khalil*, 504 Mich at 159-160. A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160.

The trial court did not state under which subrule it decided defendants' motions. Regardless of how a trial court frames its decision, this Court reviews a grant of summary disposition under the correct subrule. *Computer Network, Inc v AM Gen Corp*, 265 Mich App 309, 313; 696 NW2d 49 (2005). The trial court did not grant summary disposition on the basis of governmental immunity, and it considered evidence when it granted summary disposition. "Where a motion for summary disposition is brought under both MCR 2.116(C)(8) and (C)(10), but the parties and the trial court relied on matters outside the pleadings, as is the case here, MCR 2.116(C)(10) is the appropriate basis for review." *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008).

Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition under MCR 2.116(C)(10), we must consider the evidence

---

[1] The trial court also granted summary disposition in favor of Wyndham Pointe on plaintiff's negligence claim because the court found that plaintiff's claim arose out of a condition on the land and thus was a claim for premises liability. Plaintiff does not challenge this aspect of the court's holding on appeal.

submitted by the parties in the light most favorable to the nonmoving party. *El-Khalil*, 504 Mich at 160. If there is a genuine issue of material fact, dismissal is inappropriate. *Id.*

### III. ADOPTION OF THE THIRD RESTATEMENT OF TORTS § 51

Plaintiff argues that this Court should adopt 2 Restatement of Torts, 3d, § 51, p 242, in its entirety to eliminate the traditional three categories of entrants upon the land of another. This Court is not authorized to grant plaintiff relief on this issue.

An action for premises liability is a specific type of negligence claim that arises when the plaintiff, while on land possessed by the defendant, was injured by a hazardous condition on the land. *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 13; 930 NW2d 393 (2018). In *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012), the Supreme Court explained:

> The law of premises liability in Michigan has its foundation in two general precepts. First, landowners must act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land. Second, and as a corollary, landowners are not insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land. These principles have been used to establish well-recognized rules governing the rights and responsibilities of both landowners and those who enter their land. Underlying all these principles and rules is the requirement that both the possessors of land and those who come onto it exercise common sense and prudent judgment when confronting hazards on the land.

"In a premises-liability action, a plaintiff must prove the elements of negligence which are: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) causation, and (4) damages." *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364809); slip op at 8. "The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Hoffner*, 492 Mich at 460. "It is well settled in Michigan that the question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 112; 1 NW3d 44 (2023).[2]

"Historically, Michigan has recognized three common-law categories for persons who enter upon the land or premises of another: (1) trespasser, (2) licensee, or (3) invitee." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). "Each of these categories corresponds to a different standard of care that is owed to those injured on the owner's premises. Thus, a landowner's duty to a visitor depends on that visitor's status." *Id*. In this case, the parties do not dispute that plaintiff had licensee status. This Court has explained that a licensee "is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Gabrielson*, ___ Mich App at ___; slip op at 9. "A landowner owes a licensee a duty only to warn

---

[2] One of the issues that plaintiff raises on appeal is that this case should be held in abeyance pending the Supreme Court's decision in *Kandil-Elsayed*, 512 Mich at 95. We need not address plaintiff's argument because that case has already been decided.

the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Id*.

Plaintiff asks this Court to abandon Michigan's historical, category-based approach to defining a landowner or possessor's duty to a particular entrant and to adopt the approach defined in 2 Restatement of Torts, 3d, § 51, p 242, which would eliminate the different categories of entrants and place upon every landowner or possessor a general duty of reasonable care to all who enter the land. 2 Restatement, 3d, § 51, p 242, states:

> Subject to § 52, a land possessor owes a duty of reasonable care to entrants on the land with regard to:
>
> (a) conduct by the land possessor that creates risks to entrants on the land;
>
> (b) artificial conditions on the land that pose risks to entrants on the land;
>
> (c) natural conditions on the land that pose risks to entrants on the land; and
>
> (d) other risks to entrants on the land when any of the affirmative duties provided in Chapter 7 is applicable.

Under this section, a landowner would owe a duty of reasonable care to every entrant upon his or her land except a "flagrant trespasser."[3]

In *Kandil-Elsayed*, 512 Mich at 143-144, the Supreme Court explicitly held that the three traditional categories of entrants on the land of another remain in effect and that the Court was "reserving the question of whether to adopt the Third Restatement's blanket reasonable-care standard for a later time." This Court is bound to follow our Supreme Court's historical, category-based approach to defining the duty owed by a landowner or possessor in premises-liability claims. See *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016) (explaining that "[t]he Court of Appeals is bound to follow decisions by this Court except where those decisions have clearly been overruled or superseded and is not authorized to anticipatorily

---

[3] Under 2 Restatement 3d, § 52:

> (a) The only duty a land possessor owes to flagrant trespassers is the duty not to act in an intentional, willful, or wanton manner to cause physical harm.
>
> (b) Notwithstanding Subsection (a), a land possessor has a duty to flagrant trespassers to exercise reasonable care if the trespasser reasonably appears to be imperiled and
>
> > (1) helpless; or
> >
> > (2) unable to protect him- or herself.

ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined."). Accordingly, this Court is not authorized to grant plaintiff relief on this issue.

## IV. WYNDHAM POINTE

Plaintiff next argues that the trial court erred by concluding that there was no genuine issue of material fact that the height differential between the two sidewalk slabs was open and obvious and thus Wyndham Pointe did not owe plaintiff a duty and was entitled to summary disposition as a matter of law. We agree.

The trial court granted summary disposition in favor of Wyndham Pointe, concluding that it did not owe plaintiff a duty regarding the vertical discontinuity between the sidewalk slabs because the hazard was open and obvious with no special aspects. Under the open and obvious doctrine, as it existed when the trial court decided defendants' motions, a premises possessor did not owe a duty to warn or protect from a hazardous condition on the land that was "open and obvious." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), overruled in part by *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023). After the trial court granted summary disposition to Wyndham Pointe, our Supreme Court held that the open and obvious nature of a condition is relevant to whether a defendant breached a duty and, if so, whether a plaintiff was comparatively at fault, not whether a defendant owed a duty. *Kandil-Elsayed*, 512 Mich at 144.

In this case, it is undisputed that plaintiff was a licensee. "A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Stitt*, 462 Mich at 596. In *Blackwell v Franchi*, 502 Mich 918, 918-919; 914 NW2d 900 (2018), our Supreme Court explained that a licensor is liable to a licensee when:

> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved.

In its motion for summary disposition, Wyndham Pointe asserted that it did not owe plaintiff a duty because the vertical discontinuity between the two sidewalk slabs was not hidden and was objectively open and obvious. The trial court concluded that "there is no genuine issue of material fact that the alleged danger posed by the uneven sidewalk was open and obvious[,]"

did not have special aspects, was not unreasonably dangerous, and was not effectively avoidable.[4] In reaching its decision, the trial court applied the now-overruled framework set forth by *Lugo* and its progeny to hold that Wyndham did not owe plaintiff a duty of care.

The initial question is whether the vertical discontinuity between the two sidewalk slabs posed a hidden, unreasonable danger. The question regarding whether a condition was hidden and unreasonably dangerous generally poses a question for the jury. *Blackwell v Franchi (On Remand)*, 327 Mich App 354, 357 n 1; 933 NW2d 762 (2019). A hazard can be hidden when it is "nonvisible." *Id*. at 357. In premises-liability cases, how an ordinary person would have approached a particular hazard presents an objective inquiry. *Kandil-Elsayed*, 512 Mich at 144-145. However, "the plaintiff's own account of their response to the danger is a key piece of evidence used by courts" to conduct an objective analysis because how an actual person confronted the particular hazard is indicative of how the ordinary person would have confronted that hazard. *Id*. at 145.

Plaintiff argues that the vertical discontinuity was nonvisible from the direction he approached it. Plaintiff testified he was looking straight ahead in the moments preceding his fall. He testified that he was normally cautious while on walks in Wyndham Pointe. Plaintiff also testified that he was not distracted when he fell. Despite having walked on the street several times before, plaintiff had never noticed the vertical discontinuity. Plaintiff did not notice the vertical discontinuity until after his fall; at that point, plaintiff had fallen forwards and was looking back at the vertical discontinuity, from ground level, from the low side to the high side.

Plaintiff's safety expert, Steven Ziemba, averred in his affidavit that pedestrians normally look straight ahead while walking on sidewalks, not down at their feet, making it unlikely the pedestrian will discover a vertical discontinuity when approaching it from the high side and a forward fall is likely to occur. Ziemba stated that the sidewalk was uniform in color and "the shade from the adjacent tree and shrubbery hid the abrupt height change of the pavement in this area." According to Ziemba, when there was no visual warning provided to draw attention to a vertical discontinuity such as the one at issue, a pedestrian is unlikely to discover the discontinuity. A rational jury could conclude that the vertical discontinuity was nonvisible from the direction that plaintiff approached the discrepancy. Viewing the facts in the light most favorable to plaintiff, reasonable persons could disagree on whether the alleged condition, i.e., the nonvisible vertical discontinuity, presented an unreasonable risk of harm, whether plaintiff knew or had reason to know of the condition and the risk involved, and whether Wyndham Pointe should have expected that plaintiff would not have discovered the hazard before falling victim to it. Accordingly, we reverse the trial court's grant of summary disposition in favor of Wyndham Pointe.[5]

---

[4] The "special aspects" exception to the open and obvious doctrine does not apply to licensees. *Pippin v Atallah*, 245 Mich App 136, 143; 626 NW2d 911 (2001). See also *Blackwell*, 502 Mich 918, 924 n 4; 914 NW2d 900 (2018) (MCCORMACK, J. concurring).

[5] The dissenting opinion concludes, "The undisputed evidentiary record nevertheless establishes that Wyndham Pointe did not know or have reason to know of the defect." However, Wyndham

Wyndham Pointe argues that even if this Court concludes that the trial court erred by concluding that defendants did not owe a duty to plaintiff, the trial court's grant of summary disposition in favor of Wyndham Pointe should be affirmed because the alleged cause of plaintiff's fall is based on speculation and conjecture.[6] The trial court concluded that plaintiff's deposition testimony established a genuine issue of material fact as to causation. Plaintiff could not recall which foot he stepped with, where his foot landed, or which portion of the slab he was walking on when he fell. But plaintiff testified, "I tripped over that ledge, I know that." When plaintiff was questioned why he thought the height discrepancy caused his fall, plaintiff responded, "Because that's what I tripped over." When asked what caused his fall, plaintiff stated, "All I know is I tripped over that discrepancy in height." And when plaintiff was asked to explain the mechanics of how the height discrepancy caused his fall, he stated, "I don't know exactly. I know I stumbled at that spot. . . . I know I tripped over it, but I don't' know how." When deciding a motion for summary disposition, all reasonable inferences must be drawn in favor of the nonmoving party. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). There is a reasonable inference to be drawn in plaintiff's favor that the vertical discontinuity caused his fall, making summary disposition on the basis of causation improper.

## IV. WEST BLOOMFIELD CHARTER TOWNSHIP

Plaintiff further argues that the trial court erred by concluding that there was no genuine issue of material fact that the height differential between the two sidewalk slabs was open and obvious and thus the township did not owe plaintiff no duty and was entitled to summary disposition as a matter of law. We agree.

The GTLA grants a governmental agency immunity from tort liability if the agency was engaged in the exercise or discharge of a governmental function, subject to certain enumerated exceptions. MCL 691.1407(1); *Bernardoni v City of Saginaw*, 499 Mich 470, 473; 886 NW2d 109 (2016). One such exception is the "highway exception" under MCL 691.1402, which provides that a plaintiff may recover damages "resulting from a municipality's failure to keep highways—including sidewalks—in reasonable repair and in a condition reasonably safe and fit for travel." *Bernardoni*, 499 Mich at 473 (cleaned up). A municipality has a duty to "maintain [a] sidewalk in reasonable repair." MCL 691.1402a(1). And it can be held liable for breaching that duty if the plaintiff "proves that at least 30 days before the occurrence . . . the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk." MCL 691.1402a(2). A municipality is "presumed to have maintained the sidewalk in reasonable repair." MCL 691.1402a(3). But that statutory presumption may be rebutted if the plaintiff shows that a proximate cause of the injury was one or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

---

Pointe did not raise this argument in its motion for summary disposition or as an alternative ground for affirmance on appeal.

[6] "[T]his Court will not reverse a trial court's decision if the correct result is reached for the wrong reason." *Computer Network, Inc*, 265 Mich App at 313.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity. [MCL 691.1402a(3).]

The GTLA provides that municipalities may assert "any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious." MCL 691.1402a(5).

As it did with Wyndham Pointe, the trial court granted summary disposition in favor of the township on the basis that the township did not owe plaintiff a duty regarding the vertical discontinuity because the hazard was open and obvious with no special aspects. In reaching its decision, the trial court failed to differentiate between the township and Wyndham Pointe and the duties that each owed. The township had a statutory duty to maintain its sidewalks in such a condition that a "vertical discontinuity defect of 2 inches or more"[7] or a "dangerous condition" did not exist. MCL 691.1402a(3)(a). Although the township may assert as a defense that the condition was open and obvious, MCL 691.1402a(5), whether the vertical discontinuity was open and obvious is relevant to the issues of breach and comparative fault, not the determination of duty. See *Kandil-Elsayed*, 512 Mich at 144, 147-148. Plaintiff's testimony and Ziemba's affidavit provide sufficient evidence that would allow a rational jury to conclude that an average person of ordinary intelligence would not have discovered the vertical discontinuity upon casual inspection when approaching the discrepancy from the high side. Accordingly, we reverse the trial court's grant of summary disposition in favor of the township.

The salient question is whether the township had possession or control of the subject sidewalk and thus had a duty under MCL 691.1402a(1) to maintain the sidewalk in reasonable repair. Wyndham Pointe disputed this issue before the trial court, asserting that there was "a genuine issue of material fact regarding who was in possession and control of the sidewalk at the time of Plaintiff's fall and therefore, summary disposition on this issue is inappropriate." Because the trial court concluded that the vertical discontinuity was open and obvious and thus neither defendant owed plaintiff a duty, it did not determine whether summary disposition in favor of the township was warranted on the basis that it did not have possession or control of the sidewalk or whether further fact-finding was needed on that question. Accordingly, we reverse and remand for future determinations on that issue.

The township further argues that the trial court's grant of summary disposition in its favor should be affirmed because there is no evidence that the township knew or should have known of the defect in the sidewalk for 30 or more days before plaintiff's fall and thus it is entitled to governmental immunity. We disagree. "A defendant is 'conclusively presumed' to have knowledge of the defect 'when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.' " *Bernardoni v*

---

[7] Plaintiff alleged in his amended complaint that the vertical discontinuity was at least two inches, and testified that it was "over 2 inches." In response to the township's motion, plaintiff presented a photograph of a measurement of the vertical discontinuity, which was over two inches. The township did not present any evidence or testimony that the vertical discontinuity was less than two inches. Thus, plaintiff rebutted the statutory presumption that the township maintained the subject sidewalk in reasonable repair.

*City of Saginaw*, 499 Mich 470, 474; 886 NW2d 109 (2016), quoting MCL 691.1403. "Generally, the question of whether a street defect . . . has existed a sufficient length of time and under such circumstances that the municipality is deemed to have notice is a question of fact, and not a question of law." *Bernardoni*, 499 Mich at 474 (cleaned up). Plaintiff did not present any evidence that the township had actual notice of the vertical discontinuity before his fall. But he presented photographs of the vertical discontinuity and an affidavit from his safety expert, who averred that "[t]he extent of the height difference is a sure indicator that this hazard was in existence for a period over 30 days. Several freeze-thaw cycles as water infiltrated the sidewalk joint from that previous winter are likely responsible for this abrupt vertical discontinuity." Viewed in the light most favorable to plaintiff, the photographs and expert opinion give rise to a reasonable inference that the defect had been present for more than 30 days. Accordingly, there is a genuine issue of material fact as to whether the township had constructive notice of the sidewalk defect.

V.  CONCLUSION

We affirm the trial court's determination that there is a genuine issue of material fact on the issue of causation, but we reverse the trial court's grant of summary disposition in favor of defendants on the issue of duty and remand for further proceedings. On remand, the trial court shall address whether the township had possession or control of the subject sidewalk and thus had a duty under MCL 691.1402a(1) to maintain the sidewalk in reasonable repair.

We do not retain jurisdiction.


/s/ Mark J. Cavanagh
/s/ Sima G. Patel

-9-